**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

GARY LEE LONG,

       *Defendant-Appellant.*

No. 00-4633

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-25)

Submitted: March 23, 2001

Decided: April 13, 2001

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John J. Korzen, ANDERSON & ASSOCIATES, P.C., Kernersville, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gary Lee Long was convicted pursuant to his conditional guilty plea of two counts of being a felon in possession of firearms. On appeal, he alleges that the search warrants issued for his residence were not supported by probable cause and that his counsel rendered ineffective assistance by failing to inform him of the possible consequences of testifying. Finding no reversible error, we affirm.

Police officers executed a search warrant for Long's residence after receiving information from a confidential informant that Long was storing and selling large amounts of cocaine from his home. While executing the warrant, officers observed Long holding what they perceived to be a firearm, and they heard what they believed to be a single gun shot. After a brief stand-off, Long surrendered, and officers seized two handguns, marijuana, cocaine, prescription pills, drug paraphernalia, cash, and a scanner tuned to the sheriff's department frequency. Officers executed a second search warrant approximately two months later in which they seized three handguns, marijuana, cocaine, prescription pills, drug paraphernalia, cash, and another scanner tuned to the sheriff's department frequency.

At sentencing, the only issue was whether Long possessed the firearms in connection with another criminal activity; namely, drug trafficking. Long testified that he was merely cleaning/repairing the weapons for friends and family members. Long also testified that he was not holding a firearm during the first search of his residence, nor did he fire a shot at officers. Rather, he claimed that he simply set off a firecracker. The district court found that this testimony was intentionally and materially false. The court then enhanced Long's sentence for obstruction of justice and declined to give him an adjustment for acceptance of responsibility.

We accord "great deference" to the magistrate judge's assessment of the facts when making a probable cause determination. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Our inquiry is limited to whether there was a substantial basis for the magistrate judge's conclusion that

probable cause existed. *See Blackwood*, 913 F.2d at 142. There are no bright-line rules for making this determination; rather the magistrate judge must use common sense in deciding whether there is a fair probability that the evidence sought will be found in the place to be searched. *Id.*

In the present case, we find that the district court conducted a proper inquiry and correctly found that there was a substantial basis for the magistrate judge's probable cause determination. The affidavits in support of the search warrants clearly stated that the informant was known to the affiant, was reliable, and that the information was based on the informant's personal observations.*

We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. *See United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. *See id.* Despite counsel's admissions, we find no blatant deficiencies in his performance. Long's sentence was not enhanced because he testified, but, rather, because he chose to testify falsely. We find nothing in the record suggesting that Long was confused as to his obligation to provide truthful testimony.

Accordingly, we affirm Long's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*We find Long's reliance on *United States v. Wilhelm*, 80 F.3d 116 (4th Cir. 1996), and *United States v. Barrington*, 806 F.2d 529 (5th Cir. 1986), misplaced. The affidavits here provided more valuable information than those in *Wilhelm* and *Barrington*.